IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY SIMMONS, # 282973, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-CV-523-ECM |
| ) | [WO] |
| CYNTHIA STEWART, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Robert Anthony Simmons on June 28, 2016. Doc. 1.[1] Simmons challenges his convictions and resulting sentence for first-degree sexual abuse and first-degree sodomy entered by the Houston County Circuit Court in 2012. He presents claims that his trial counsel rendered ineffective assistance of counsel by (1) failing to properly investigate his case and (2) failing to call his son as a corroborative witness. The respondents argue that Simmons's petition is time-barred by the one-year federal limitation period. *See* 28 U.S.C. § 2244d. Docs. 6 & 14. The court agrees with the respondents and finds that Simmons's petition should be denied without an evidentiary hearing.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II. DISCUSSION

A. **AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. **Simmons's State Court Proceedings**

On December 5, 2011, a Houston County jury found Simmons guilty of first-degree sexual abuse, in violation of § 13A-6-66, Ala. Code 1975, and first-degree sodomy, in

violation of § 13A-6-63, Ala. Code 1975. Doc. 6-2 at 2–3.  On March 13, 2012, the trial court sentenced Simmons to 10 years in prison for the sexual-abuse conviction and 22 years in prison for the sodomy conviction, the terms to run consecutively. Doc. 6-4 at 2–3.

Simmons appealed,[2] and on February 8, 2013, the Alabama Court of Criminal Appeals affirmed his convictions and sentence by memorandum opinion. Doc. 6-5. Simmons applied for rehearing, which was overruled on March 1, 2013. Doc. 6-6. Simmons did not seek certiorari review in the Alabama Supreme Court.  The Alabama Court of Criminal Appeals entered a certificate of judgment on March 20, 2013. Doc. 6-7. Ex. 7.

On March 14, 2014, Simmons, through counsel, filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 6-8.  Simmons's Rule 32 petition asserted various claims of ineffective assistance of trial and appellate counsel.  The trial court denied the Rule 32 petition, and Simmons appealed.  In a memorandum opinion issued on April 10, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Simmons's Rule 32 petition. Doc. 6-11.  Simmons applied for rehearing, which was overruled on May 1, 2015. Doc. 6-12.  He then filed a petition for writ of certiorari in the Alabama Supreme Court, which denied the petition on June 26, 2015. Doc. 6-13.  A certificate of judgment was entered that same date. Doc. 6-14.

---

[2] On appeal, Simmons argued that (1) the trial court erred in denying his motion to dismiss the jury venire on fair cross-section grounds, and (2) the trial court erred in denying his motion to dismiss on grounds that he was denied his right to a speedy trial.

3

**C.     Analysis of Timeliness of Simmons's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Because Simmons filed no petition for writ of certiorari with the Alabama Supreme Court on direct review, his conviction became final on March 20, 2013, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment. *See, e.g., Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). Therefore, Simmons had until March 20, 2014—absent any statutory or equitable tolling—to file a timely § 2254 petition.

*1.     Statutory Tolling*

As noted above, Simmons filed a Rule 32 petition in the trial court on March 14, 2014, that tolled AEDPA's one-year limitation period for Simmons to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). On March 14, 2014 (when Simmons filed his Rule 32 petition), AEDPA's limitation period had run for 359 days (i.e., from March 20, 2013, to March 14, 2014), leaving six days in the one-year period.

The state court proceedings related to Simmons's Rule 32 petition concluded on June 26, 2015, when a certificate of judgment was entered in the appellate proceedings on

4

the Rule 32 petition. *See Moore*, 182 F. App'x at 941. Tolling ended on that date and Simmons had 6 (i.e., 365 - 359) days remaining within which to file a timely federal habeas petition. The federal limitation period ran unabated for the remaining 6 days, expiring on July 2, 2015. Simmons, through counsel, filed this § 2254 petition on June 28, 2016—362 days after expiration of the limitation period as calculated under § 2244(d)(1)(A).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Simmons by affording a different triggering date such that AEDPA's limitation period commenced on some date later than March 20, 2013, or (counting tolling under § 2254(d)(2)) expired on some date later than July 2, 2015. There is no evidence that an unlawful state action impeded Simmons from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Simmons submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Simmons also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

### 2. *Equitable Tolling*

Simmons maintains he is entitled to equitable tolling—and that the filing of his § 2254 petition after expiration of AEDPA's limitation period should be excused—because (1) he was "abandoned" by his appointed counsel on direct appeal, and (2) the attorney whom he retained to file his Rule 32 petition delayed filing the Rule 32 petition for approximately nine months, until shortly before expiration of the one-year filing deadline under the Alabama Rules of Criminal Procedure. *See* Doc. 1 at 7–8; Doc. 12 at 2–3.

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

According to Simmons, around March 13, 2013, after the Alabama Court of Criminal Appeals affirmed his conviction and overruled his application for rehearing on direct appeal, his sisters, Patricia Ciaccio and Jennifer Aplin, asked his appellate counsel to file a petition for writ of certiorari with the Alabama Supreme Court to preserve Simmons's claims for further review while Simmons and his family searched for new counsel to represent him. Doc. 12-1 at 1; Doc. 12-2 at 1. Simmons states that his appellate counsel had previously informed him he would need to obtain new counsel if he wished to pursue his case in the Alabama Supreme Court. *Id*. Simmons does not say that his appellate counsel assured him or his family members that he would file a petition for certiorari with the Alabama Supreme Court, and no petition for certiorari was filed. Simmons asserts that

around June 11, 2013, he obtained new counsel to file a state Rule 32 petition on his behalf.[3] Doc. 12-1 at 1; Doc. 12-2 at 1. According to Ciaccio and Aplin (Simmons's sisters), they contacted Simmons's Rule 32 counsel "[b]etween August 5, 2013 through November 7, 2013 . . . to either inquire about deadlines or inquire about the status of the case." *Id.* In affidavits filed with court, neither Ciaccio nor Aplin divulges the details of any conversations with Simmons's Rule 32 counsel or describes any specific assurances made by Rule 32 counsel. Counsel filed Simmons's Rule 32 petition on March 14, 2014.

Abandonment by Counsel on Direct Appeal

Simmons suggests that his counsel on direct appeal abandoned him by failing to file a petition for writ of certiorari with the Alabama Supreme Court during the direct review process in his case. In *Maples v. Thomas*, 565 U.S. 266, 283–84 (2012), the United States Supreme Court recognized attorney abandonment as "cause" to excuse a procedural default in a habeas proceeding. Following *Maples*, the courts have recognized that attorney abandonment may constitute an "extraordinary circumstance" that, when coupled with a showing of diligence, may warrant equitable tolling of AEDPA's limitation period. *See, e.g., Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1228 (11th Cir. 2017).

As previously noted, Simmons does not say that his appellate counsel on direct review assured him or his family members that he would file a petition for certiorari with the Alabama Supreme Court. Indeed, Simmons indicates that shortly after the Alabama

---

[3] Simmons acknowledges that around April 15, 2013, his former appellate counsel informed him of the deadline for filing a state Rule 32 petition and advised him "not to wait too long" to file such a petition. *See* Doc. 12-1 at 1; Doc. 12-2 at 1.

Court of Criminal Appeals overruled his application for rehearing on direct appeal, his appellate counsel informed him he would need to obtain new counsel if he wished to pursue his case in the Alabama Supreme Court. *See* Doc. 12-1 at 1; Doc. 12-2 at 1.  Thus, Simmons was aware of the fact that he needed to make arrangements to file a petition for certiorari in the Alabama Supreme Court, whether acting *pro se* or through another attorney.  As the respondents point out, appellate counsel's actions in this regard did not even amount to negligence, and even if counsel's actions were negligent, they would not warrant equitable tolling. *See Spears v. Warden*, 605 F. App'x 900, 903–04 (11th Cir 2015).  Further, certiorari review by the Alabama Supreme Court is discretionary.  Criminal defendants do not have a constitutional right to counsel to pursue discretionary review. *See Austin v. United States*, 513 U.S. 5, 8 (1994).  Because a defendant does not have a constitutional right to counsel on discretionary appeals, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), counsel's performance cannot be deemed constitutionally deficient for a failure to petition for certiorari review. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982).  Here, the circumstances alleged by Simmons surrounding his appellate counsel's failure to file a petition for certiorari with the Alabama Supreme Court cannot support equitable tolling on a theory that counsel abandoned Simmons.

Moreover, for a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file

8

after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). When Simmons learned that his appellate counsel was not filing a petition for certiorari on his behalf, over 11 months remained on both AEDPA's one-year limitation period and on the limitation period for Simmons to file a state Rule 32 petition (which would have tolled the federal deadline). Under these circumstances, the connection between appellate counsel's failure to file a petition for certiorari—the "extraordinary circumstance" posited by Simmons—and Simmons's failure to file a timely § 2254 petition in this court is simply too attenuated to justify equitable tolling.

Delay by Rule 32 Counsel

As for the delay by Rule 32 counsel in filing Simmons's Rule 32 petition, counsel did, in fact, timely file the Rule 32 petition within the one-year limitation of period of Rule 32.2(c) of the Alabama Rules of Criminal Procedure. The timely filing of a state court post-conviction petition by Simmons's Rule 32 counsel—even if it was shown that Simmons had requested an earlier filing—does not constitute an abandonment by counsel to support a finding of equitable tolling. Moreover, Simmons still had six days within which to timely file his § 2254 petition in this court after the Rule 32 proceedings in state court. Although represented by counsel, Simmons filed his § 2254 petition nearly a year (362 days) after conclusion of the state Rule 32 proceedings. "[F]ederal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the

requirements of AEDPA do so at their peril." *Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008).

In *Holland, supra*, the Supreme Court determined that equitable tolling may apply under extraordinary circumstances when the conduct of the petitioner's attorney amounts to more than "garden variety or excusable neglect." *Holland*, 560 U.S. at 651–52. The Court analyzed how Holland's attorney failed to file a habeas corpus petition on time and failed to determine the date on which the statute of limitations expired. The Court determined that these two instances alone would probably amount to only simple negligence, instead of an extraordinary circumstance as required for equitable tolling.[4] *Id*. In Simmons's case, the supposed attorney misconduct at issue—Rule 32 counsel's delay in filing Simmons's Rule 32 petition—would, at worst, amount only to a "garden variety claim" of negligence. And, in any event, this court does not find attorney negligence where the Rule 32 petition was in fact timely filed in the state court with time—albeit a short time—remaining on the federal habeas clock. The attorney conduct alleged in Simmons's case simply does not amount to the level of serious misconduct that determined the

---

[4] The Supreme Court implied, but did not definitively hold, that counsel's conduct in *Holland* may have constituted an extraordinary circumstance because it involved "far more than 'garden variety' or 'excusable neglect.'" *Holland*, 560 U.S. at 651–52. While counsel's failure to timely file a § 2254 petition and apparent ignorance of the correct filing deadline "suggest[ed] simple negligence," the Court emphasized four facts which might lead to the conclusion that counsel's conduct "amounted to more": (1) counsel's failure to file the petition on time "despite Holland's many letters that repeatedly emphasized the importance of his doing so"; (2) counsel's failure to "do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules"; (3) counsel's failure to inform Holland that the Florida Supreme Court had affirmed the denial of his state post-conviction motion, "again despite Holland's many pleas for that information"; and (4) counsel's failure to communicate with Holland during the two-year period in which his state motion was pending before the Florida Supreme Court, "despite various pleas from Holland that [counsel] respond to his letters." *Id.* at 651–53.

10

outcome in *Holland*. Here, Simmons establishes no extraordinary circumstance sufficient to entitle him to equitable tolling.

Finally, Simmons cannot demonstrate the requisite diligence where he both failed to file a § 2254 petition during the time remaining on the federal clock after completion of his state Rule 32 proceedings and then delayed for nearly another year before filing his § 2254 petition. Simmons fails to meet his burden of proving circumstances that would justify application of the equitable tolling doctrine. Because he failed to file his § 2254 petition within AEDPA's one-year limitation petition, his petition is time-barred and his claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation **or before January 30, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

    DONE this 16th day of January, 2019.


                           /s/  Stephen M. Doyle
                           STEPHEN M. DOYLE
                           UNITED STATES MAGISRATE JUDGE