IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. SIMMONS, #282973, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:16cv523-ECM |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

On January 16, 2019, the Magistrate Judge entered a Recommendation denying the Petitioner's petition for writ of habeas corpus (doc. 21). On February 19, 2019, the Petitioner filed objections to the Recommendation. (Doc. 26). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the petition for writ of habeas corpus is due to be denied.

The Petitioner filed this petition for writ of habeas corpus relief on June 28, 2016. It is undisputed that 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year limitation period for

filing a federal habeas petition. Simmons concedes that his § 2254 petition was filed beyond the one-year limitation period. (Doc. 12 at 1-2). However, Simmons asserts that he is entitled to equitable tolling of the federal limitation period because his appellate counsel abandoned him by failing to appeal to the Alabama Supreme Court, and his Rule 32 attorney unreasonably delayed filing his Rule 32 petition. (*Id.*).

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999).

Relying on affidavits from his sisters, Simmons argues that he was 'abandoned' by appellate counsel. However, the Magistrate Judge correctly found that Simmons and his sisters were advised that appellate counsel would not pursue a petition for writ of certiorari in the Alabama Supreme Court. Simmons and his sisters were also advised of the deadline for filing a Rule 32 petition and were "advised not to wait too long." (Docs. 21 at 7, n.3; 12-1 at 1; 12-2 at 1). Clearly, Simmons was not abandoned by his appellate attorney but rather advised to obtain

2

new counsel or file a Rule 32 petition pro se. Simmons has not established that his appellate abandoned him. Simmons has presented nothing to the court which demonstrates attorney abandonment which is necessary to show the extraordinary circumstances warranting equitable tolling of the limitation period. Because Simmons was not abandoned by appellate counsel, he is not entitled to equitable tolling on that basis.

Simmons retained new counsel within 90 days of the date that his conviction became final, well within the one year limitation period. Simmons argues, however, that his Rule 32 attorney's unreasonable delay in filing his Rule 32 petition constitutes extraordinary circumstances warranting equitable tolling. "The burden of proving circumstances that justify application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001). Simmons cannot meet his burden. Simmons retained new counsel on June 11, 2013 to file a Rule 32 petition on his behalf. (Docs. 12-1 at 1 and 12-2 at 1). Counsel filed Simmons' Rule 32 petition on March 14, 2014, nearly nine months later.

According to Simmons, his attorney's delay in filing his Rule 32 petition was either negligent or lazy. (Doc. 26 at 5-6). On many occasions, the Eleventh Circuit has explained that "[m]ere attorney negligence [will] not justify equitable tolling."

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999). Thus, when an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, such circumstances are plainly insufficient to warrant equitable tolling. *See, e.g., Steed*, 219 F.3d at 1300. Moreover, negligence and gross negligence in and of themselves are not sufficiently extraordinary circumstance to warrant equitable tolling. An attorney "is not deemed to have acted adversely to his principal's interests simply because he blundered and made an unwise, negligent, or grossly negligent mistake that harmed those interests." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1229 (11th Cir. 2017), *cert. denied,* 138 S. Ct. 1042, 200 L. Ed. 2d 259 (2018).

The circumstances alleged by Simmons fall far short of evidencing either egregious misconduct by counsel, reasonable diligence by Simmons, or circumstances beyond Simmons' control. At most, Simmons alleges that he relied on counsel to file his Rule 32 motion, and counsel failed to file the motion quickly.[1] There is no suggestion that counsel refused to communicate with Simmons about the status of the case, made knowing or reckless factual misrepresentations, repeatedly deceived Simmons, or worked against Simmons' interests. Allegations establishing

---

[1] There is no dispute that Simmons' Rule 32 petition was timely filed.

4

only lawyer negligence – in the absence of any indication of bad faith or dishonesty – do not rise to the level of egregious attorney misconduct for purposes of applying equitable tolling.

While Simmons has argued that he is entitled to equitable tolling due to the delay in filing his Rule 32 petition, Simmons does not address a more fundamental problem with his habeas petition. He offers no explanation as to why his habeas petition was filed almost a year beyond the date his Rule 32 petition became final. Simmons filed his Rule 32 petition on March 14, 2014. His petition was denied by the trial court, and the Alabama Court of Criminal Appeals affirmed the denial. After a petition for rehearing was denied, Simmons filed a petition for writ of certiorari in the Alabama Supreme Court, which denied the petition. The Alabama Supreme Court issued the certificate of judgment on June 26, 2015. Simmons filed this § 2254 petition on June 28, 2016, more than a year after the certificate of judgment was entered and 362 days after the limitation period had expired. Simmons has failed to demonstrate why any delay in the filing of his Rule 32 petition in state court thereafter prevented him from filing his federal habeas petition in a timely manner. Simmons offers no explanation as to how the delay in filing his Rule 32 petition then prevented him from filing his federal petition for almost a year.

Simmons also argues that he is entitled to an evidentiary hearing to establish equitable tolling. "Section 2244 does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." *San Martin*, 633 F.3d at 1271. Because Simmons' habeas petition is clearly time-barred, the Court concludes that under the circumstances of this case, an evidentiary hearing is unnecessary.

Finally, and perhaps most importantly, counsel's filing of Simmons' § 2254 habeas petition was not a necessary, legal requirement. Simmons could have filed his § 2254 petition *pro se*, and counsel could have filed a notice of appearance after Simmons timely filed his § 2254 petition. Consequently, counsel's failure to file Simmons' § 2254 petition does not constitute a real impediment to Simmons. In short, Simmons fails to show due diligence on his part or that the circumstances that led to the late filing of his § 2254 petition were such that he was unable to control them. Thus, this court concludes that Simmons is not entitled to equitable tolling of the limitation period on the basis of delays caused by his appellate or Rule 32 counsel.

The court concludes that Simmons has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing a timely § 2254 habeas petition, nor has he met the heavy burden of showing that he

exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired before Simmons filed the instant § 2254 petition. tolling due to his attorney's delay in filing his Rule 32 petition.

Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED that the Petitioner's objections be and are hereby OVERRULED, the Recommendation of the Magistrate Judge be and is hereby ADOPTED, the petition for writ of habeas corpus filed by Simmons on June 28, 2016, be and is hereby DENIED, and the petition be and is hereby DISMISSED with prejudice.

DONE this 1st day of April, 2019.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE